

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

ARNOLD NAEEM WILLIAMS

FILED
MAY 12 2009
MICHAEL E. KUNZ, Clerk
By ____ Dep. Clerk

Criminal Action

No. 03-209-01

**MEMORANDUM RE: MOTION FOR REDUCTION OF SENTENCE**

**Baylson, J.** May 11, **2009**

## I. Facts and Procedural History

On March 26, 2003, Defendant was indicted by a grand jury on four counts: (1) conspiracy to possess cocain base ("crack") with intent to distribute in violation 21 U.S.C. § 846; (2) possession of crack with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (4) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).

Defendant pled guilty to Counts One and Two on May 16, 2005, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). As part of the agreement, the government and Defendant stipulated to a sentence of 78 months imprisonment, which this Court accepted. The government also moved to dismiss Counts Three and Four, and the Court granted that motion.

Defendant has now filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute allows for the modification of a term of imprisonment after it has been imposed if the sentence was "based on a sentencing range that has subsequently been lowered by

the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant asserts that he is entitled to be resentenced under that statute because Amendment 706 to the Sentencing Guidelines recently reduced the offense levels and suggested ranges for cocaine base offenses in U.S.S.G. § 2D1.1, and Defendant pled guilty to and was sentenced for such an offense.

## II. Discussion

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . , the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10 identifies the Amendments that may be retroactively applied pursuant to the authority granted in § 3582(c)(2). The Sentencing Commission added Amendment 706 to that list on December 11, 2007, effective March 3, 2008. As a result, prisoners sentenced pursuant to § 2D1.1 are entitled to request a reduction in their sentences under § 3582(c)(2).

However, for Defendant to be eligible for a reduction, his sentence must be "based on" a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In a recent decision, the Third Circuit explained that the language in § 3582(c)(2) is "clear and unambiguous: 'the term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'" United States v. Mateo, — F.3d —, 2009 WL 750411, at *2 (3d Cir. 2009) (quoting United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008)). In Mateo, the defendant was sentenced as a career offender, and the Court held that the sentence was

derived from the career offender provisions of the guidelines, not the lowered § 2D1.1 base offense levels. Id. The Third Circuit rejected the defendant's argument that he was entitled to a reduction because the District Court "consulted" the § 2D1.1 base offense level, concluding that "'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of [§ 3582(c)(2)].'" Id. (quoting Caraballo, 552 F.3d at 10). A defendant is thus not entitled to a reduction in sentence merely because he was convicted of or pled guilty to a cocaine base offense; rather, the defendant is eligible for a reduction only if his sentence would have been lower had it been imposed after the recent amendments.

Here, Defendant's sentence was not "based on" the § 2D1.1 Guidelines ranges for cocaine base offenses. Instead, he was sentenced pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which stipulated to a term of imprisonment of 78 months. Thus, the amendment to § 2D1.1 would have had no impact on the sentence he was ultimately given under the agreement.

In fact, the presentence report suggests that had Plaintiff been sentenced under the guidelines, he would have been subject to a range of 262 to 327 months because he would have qualified as a career offender under § 4B1.1. Defendants sentenced as career offenders are generally not eligible for reduction under § 3582(c)(2) because the recent Amendments to the cocaine base offense levels did not affect the career offender portion of the Guidelines, and thus the sentence imposed under career offender guidelines is not based on a recently amended Guideline range. See Mateo, — F.3d —, 2009 WL 750411.

Several courts in other circuits and districts have reach the same conclusion when the

defendant is sentenced pursuant to a plea agreement. See, e.g., United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996); United States v. Hemminger, 114 F.3d 1192, 1997 WL 235838 (7th Cir. 1997) (unpublished); United States v. Oliver, --- F. Supp. 2d ---, 2008 WL 5209983, at *1-2 (D.D.C. Dec. 15, 2008); United States v. Grigsby, 560 F. Supp. 2d 1066, 1067-68 (D. Colo.2008); United States v. Paul, 2008 WL 2510147, at *1 (N.D.N.Y. June 19); United States v. Clayborn, 2008 WL 22292531, at *1-2 (M.D. Pa. May 28, 2008). In Trujeque, the Tenth Circuit explained that even where the guidelines may have influenced the sentence in a plea agreement, the sentence "rests squarely on the parties' agreement and not on a calculation under a sentencing guideline range that was subsequently lowered," as required by § 3582(c)(2). 100 F.3d at 1068. That reasoning is in line with the Third Circuit's conclusion in Mateo that even where § 2D1.1 is consulted at an interim step, § 3582(c)(2) is not applicable to a sentence ultimately imposed under the career offender provision because the sentence would not have been affected by an amendment lowering the § 2D1.1 offense level.

Essentially, because the Court sentenced Defendant according to a plea agreement, which is not affected by the recent Amendments, "had the lower Guidelines ranges for cocaine base offenses been in effect when Defendant was originally sentenced, those ranges would not have impacted the actual sentence imposed by this Court." United States v. Rios, 2009 WL 383750, at *5 (E.D. Pa. February 09, 2009). Thus, as Defendant's sentence was not "based on" a range that was subsequently lowered by an amendment, Defendant is not entitled to a reduction under § 3582(c)(2).

An appropriate Order follows.

O:\Lauren\Crack Resentencing\USA v. Williams.wpd